USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTEM BELOV AND BELART HOLDING & TRADE GMBH,

                Petitioners,

-against-

ILUSTRATO PICTURES INTERNATIONAL, INC. d/b/a ILUS INTERNATIONAL,

                Respondent.

1:24-cv-9372-MKV

**ORDER DENYING MOTIONS TO CONFIRM WITHOUT PREJUDICE AND DENYING MOTION TO SERVE PETITION BY ALTERNATIVE MEANS WITHOUT PREJUDICE**

---

MARY KAY VYSKOCIL, United States District Judge:

    Petitioners Artem Belov and Belart Holding & Trade GmbH ("Petitioners") are seeking to confirm an arbitration award and have moved for leave to serve Respondent Illustrato Pictures ("Respondent") by alternative means. For the reasons discussed below, Petitioners' pending duplicative Petitions to Confirm [ECF Nos. 3, 11] are DENIED without prejudice and Petitioners' motion for leave to Amend Notice of Petition and to Serve Petition by alternative means [ECF No. 14] is DENIED without prejudice.

## BACKGROUND

    Petitioners entered into a stock purchase agreement with Respondent Illustrato Pictures, Inc. ("Respondent") on January 25, 2021. *See* [ECF No. 2, ("Petition") ¶ 7]. After Respondent allegedly failed to perform its obligations pursuant to the agreement, Petitioners instituted arbitration proceedings with the American Arbitration Association. *See* Petition ¶ 14. On September 18, 2024, the Arbitrator issued a final award, *see* Petition ¶¶ 23-26, and on December 9, 2024, Petitioners moved before this Court to confirm the arbitration award. [ECF No. 3].

    Petitioners first attempted to serve Respondent via "FedEx Priority Overnight mail, Adult Signature Required" on December 12, 2024 and sent copies of the petition to email addresses

1

associated with Respondent's officers. [ECF No. 17, ("Pets. Mem.") at 4]. Petitioners subsequently filed a Proposed Certificate of Default for Respondent's failure to respond to, or otherwise defend, this action. [ECF No. 7]. In response, the Clerk of Court provided notice to Petitioners that their request for default was deficient, in part, because the Court had not issued an order giving Petitioners permission to serve by alternate service. Petitioners then filed a second motion to confirm arbitration that is substantively identical to the first. [ECF No. 11]. Petitioners again tried to serve Respondent, this time in person, at its publicly listed New York address. Pets. Mem. at 5. Specifically, Petitioners attempted to serve Respondent at the address listed as Respondent's principle place of business, but were told by the building's security that no representatives of Respondent or anyone else authorized to accept service of process was present at that location. Pets. Mem. at 4-5. Finally, after their second unsuccessful attempt at service, Petitioners sought to amend their notice of petition and to serve Respondent by alternate means. [ECF No. 14].

## DISCUSSION

### I. Petitioners' Prior Attempts At Serving Respondent Are Insufficient

Rule 4(h) of the Federal Rules of Civil Procedure governs the rules for service on corporations. *See* Fed. R. Civ. P. 4(h). A corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which allows service in accordance with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); Fed.

R. Civ. P. 4(e)(1). Under New York law, personal service on a corporation can be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. CPLR § 311(a)(1). Alternatively, a plaintiff can serve a corporation pursuant to the procedures outlined in Sections 306 or 307 of the New York Business Corporation Law. N.Y. CPLR § 311(a)(1). And finally, the New York Civil Practice Law and Rules provides that, "if service upon a domestic or foreign corporation . . . is impracticable under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner . . . as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 311(b).

Petitioners do not dispute that their initial attempts at serving Respondent by email and mail were improper under the Federal Rules of Civil Procedure. *See* Pets. Mem. at 4; *see also Dalla-Longa v. Magnetar Capital, LLC.*, 33 F.4th 693, 696 (2d Cir. 2022) (finding that service of a petition to confirm arbitration by email without prior written consent of the recipient is insufficient); *Safran Electronics & Defense SAS v. Exail SAS*, 764 F. Supp.3d 133, 143 (S.D.N.Y. 2025) (applying *Dalla-Longa* to a case governed by Rule 4); *Saregama India, Ltd. v. Mosley*, No. 12–MC–45–P1, 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012) ("[N]othing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process."); *Conway v. American Red Cross*, No. 10–CV–1859, 2010 WL 4722279, at *4 (E.D.N.Y. Nov. 15, 2010) ("Service on a corporation solely by certified mail, return receipt requested is insufficient."); *Norman v. Bank of New York Mellon Tr. Co. N.A. as Tr. for Mortg. Assets Mgmt. Series 1 Tr.*, No. 24-CV-4737, 2024 WL 4558471, at *2 (S.D.N.Y. Oct. 21, 2024) (collecting cases). Additionally, Petitioners tried to obtain a clerk's certificate of default and in response the Clerk of Court properly declined to issue the certificate, thereby putting Petitioners on notice that service was improper.

Petitioners admit that their subsequent attempts at serving Respondent through personal service by delivering a copy of the initiating papers to Respondent's principal place of business were unsuccessful. Pets. Mem. at 4-5; ECF No. 16 (detailing Petitioners' failed attempt at personally serving Respondent at 26 Broadway, Suite 934, New York, NY 10004). Therefore, as Petitioners seem to acknowledge with their present request to serve Respondent by alternative means, as of the date of this Order, Petitioners have not properly served Respondent.

## II. A Discretionary Extension to Effectuate Proper Service Is Warranted

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Petitioners initiated this action on December 9, 2024, and as such the 90-day time period to properly effectuate service has long since passed. "However, Rule 4(m) also provides two ways in which a District Court may grant an extension to a plaintiff who has failed to timely serve process." *Harmon v. Bogart*, 788 F. App'x 808, 808–09 (2d Cir. 2019). A district court is required to extend the 90-day service period if it "finds that a plaintiff has shown good cause for failing to meet this deadline." *Hamza v. Yandik*, No. 23-1197, 2025 WL 573708, at *2 (2d Cir. Feb. 21, 2025) (summary order). Furthermore, even in the absence of good cause, a district court "has the discretion to extend a plaintiff's service deadline if it concludes that such an extension is warranted." *Id.*; *see also Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). The decision to grant an extension absent a showing of good cause is entirely within the discretion of the district court, although the serving party must usually provide at least some explanation for the

4

delay. *See Counter Terrorist Group U.S. v. New York Magazine*, 374 F. App'x 223, 235 (2d Cir. 2010) ("Because the authority to grant an extension absent a showing of good cause is purely discretionary . . ."); *Hamza*, 2025 WL 573708, at *2 (". . . [E]ven in the absence of good cause, a district court has discretion to extend a plaintiff's service deadline if it concludes that such an extension is warranted."); *Law Office of Philippe J. Gerschel v. New York City Dep't of Educ.*, 1:25-CV-00930, WL 1312939, at *1 (S.D.N.Y. May 6, 2025) ("To obtain a discretionary extension absent a showing of good cause, the plaintiff must ordinarily advance some colorable excuse for neglect.") (internal citations omitted).

Here, the fact that Petitioners have made numerous attempts at serving Respondent using a variety of methods, combined with the absence of any clear prejudice to Respondent if the deadline is extended, militates in favor of a discretionary extension. *See Law Office of Phillipe J. Gerschel*, 2025 WL 1312939, at *1-2 (finding that an extension was warranted despite counsel's error when the plaintiff had tried to serve the defendant and an extension of the deadline would not unduly prejudice the defendant); *cf. Fantozzi v. City of New York*, 23-1111, 2024 WL 1597745, at *2 (2d Cir. Apr. 12, 2024) (summary order) (finding that a district court properly denied an extension where plaintiff made no attempt to serve defendants); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006) (declining an extension where the plaintiff "made no showing whatever as to any effort on her part to effect personal service on [defendants]"). The granting of a discretionary extension is further bolstered by the real possibility that Respondent has actual notice of the pending action because the motion to confirm was sent to email addresses of the Respondent's CEO, Nicolas Link, and VP of Operations, Louise Bennett, through which Petitioners have previously successfully communicated with Respondent. *See Law Office of Phillipe J. Gerschel*, 2025 WL 1312939, at *1-2 (finding that the defendant had actual notice of

the action where Plaintiff had corresponded with Defendant about the action by email). Finally, a discretionary extension to effectuate service is also warranted based on the Second Circuit's very clear "preference that litigation disputes be resolved on the merits." *See Cody v. Mello*, 59 F.3d 13, 14 (2d Cir. 1995); *see also Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 206-07 (S.D.N.Y. 2024) (applying the general preference for resolution of cases on the merits to the context of improper service). In order to give Petitioners the opportunity to effectuate service properly, the Court will grant a discretionary extension of the service deadline.

### III. Petitioners Have Not Demonstrated Traditional Methods of Service Are Impracticable To Justify Granting Alternative Service

Petitioners seek leave from the Court to serve Respondent by alternative means. Pets. Mem. at 6. Specifically, Petitioners urge the Court to allow service on Respondent by delivering the petition, motion, and supporting papers to Respondent's principal place of business (New York, 26 Broadway, Suite 934, New York, NY 10004) and by emailing the same papers to Respondent's principals (Nicolas Link and Louise Bennett). Pets. Mem. at 4, 7. Petitioners argue that service by alternative means is warranted here because service on Respondent by traditional means is impracticable. Pets. Mem. at 6. Petitioners assert that service on Respondent by delivering the papers to an officer, director, or agent at its principal place of business in New York (26 Broadway, Suite 934, New York, NY 10004) is impossible because there is "nobody at that location authorized to accept service," Pets. Mem. at 7, and the "office was used only to collect ILUS's mail." ECF No. 16. Petitioners further argue that because Respondent "has not registered to do business in the State of New York" as required by New York Business Corporation Law section 1301(a) and has not designated the secretary of state as its agent for service of process, service on the New York Secretary of State is also impossible. *See* Pets. Mem. at 7-8.

The Court can authorize an alternate method of service when traditional methods are "impracticable." *See* N.Y. C.P.L.R. § 308(5). "The determination whether to permit alternate service . . . lies within the sound discretion of the district court." *Troel v. Binance Holdings Limited*, 24-cv-07136, 2025 WL 1415808, at *4 (S.D.N.Y. May 16, 2025); *see also Pinkfong Co., In.c v. Avensy* Store, 23-cv-09238, 2023 WL 8531602, at *1 (S.D.N.Y. Nov. 30, 2023). This is a case-specific inquiry because "the meaning of 'impracticable' depends on the facts and circumstances of a particular case." *Jones v. Combs*, 24-cv-1457, 2025 WL 896829, at *2-3 (S.D.N.Y. May 6, 2025); *accord Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). A plaintiff seeking to serve by alternative means "generally must make some showing that the other prescribed methods of service could not be made." *Fox Shiver LLC v. Individuals, Corps. LLC, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 25-CV-3068, 2025 U.S. Dist. LEXIS 92318, at *2-3 (S.D.N.Y. May 14, 2025); *see also Barkley v. Audient Cap. GP Ltd.*, 25-CV-205, 2025 WL 1541071, at *2 (S.D.N.Y. Apr. 9, 2025) ("the movant is required to make competent showings as to actual efforts made to effect service"); *Avail 1 LLC v. Kalsi*, 23-CV-1641, 2023 WL 7297214, at *5 (S.D.N.Y. Nov. 6, 2023) (declining to find impracticability where the plaintiff had not exhausted the prescribed methods of service). If a court determines that service by traditional means is impracticable, it may allow service in some other manner that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Europgold Ltd. v. Silver N Gold Wholesale, LLC*, No. 1:24-CV-07297, 2025 WL 897100, at *2 (S.D.N.Y. Mar. 24, 2025) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

While Petitioners complain that serving Respondent is proving difficult, Petitioners have not demonstrated that service by alternative means is warranted because traditional means are

7

impracticable.  In particular, under the federal rules and under the New York rules, a corporation can be served by delivering to an agent authorized to accept service.  *See* Fed. R. Civ. P. 4(h)(1)(B); N.Y. CPLR § 311(a)(1).  The Court has conducted a public record search using SilverFlume, Nevada State's official business portal, which lists a name and address for Respondent's registered agent.[1]  Petitioners do not allege any facts demonstrating that they have attempted to serve Respondent through this registered agent pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).  In sum, at this juncture Petitioners have not shown this Court that traditional modes of service are "impracticable" to justify granting leave to serve Respondent by alternative means.

## CONCLUSION

Petitioners' duplicative motions to confirm the arbitration award underlying this action, filed at ECF Nos. 3 and 11, are DENIED without prejudice to renewal after Respondent is properly served with the Petition.  Petitioners are GRANTED leave to file a renewed motion to confirm the arbitration award after Respondent is properly served with the Petition.  Petitioners are DENIED leave to serve by alternative means.

IT IS HEREBY ORDERED that **within two weeks of this Order** Petitioners shall serve their Petition, [ECF No. 2], and this Order on Respondent in a manner consistent with Rule 4(h) and thereafter Petitioners may file a renewed motion to confirm the arbitration award.

---

[1] This Court can take judicial notice of public records listed on the website of the Nevada Secretary of State.  *See NYQF Inc. v. Sigue Corp.*, 24-cv-3699, 2025 WL 1303864, *6 at n. 3 (E.D.N.Y. May 6, 2025) (taking judicial notice of the website of the Delaware Department of State); *Colledge v. Steelstone Group, LLC*, 22-cv-2873, 2024 WL 2149930, at *6 n. 1 (E.D.N.Y. May 14, 2024) (taking judicial notice of the website of the New York Secretary of State to find an entity's registered agent); *Eco-Fuels LLC v. Sarker*, 22-cv-250, 2024 WL 779038, at *5 n. 3 (taking judicial notice of the website of the Delaware Department of State for information regarding an entity's registered agent); *see also SilverFlume: Nevada's Business Portal*, Nevada Secretary of State, https://esos.nv.gov/EntitySearch/BusinessInformation (last visited August 7, 2025).

IT IS FURTHER ORDERED that Petitioners shall file proof of service of their Petition on Respondent **within one week** of effectuating service.

IT IS FURTHER ORDERED that **within ten days** of filing their renewed motion to confirm Petitioners shall serve their motion, and all supporting papers, on Respondent in a manner consistent with Rule 4(h).

IT IS FURTHER ORDERED that Petitioners shall file proof of service of their motion, and all supporting papers, on Respondent **within one week** of effectuating service.

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 3, 11, 14.

**SO ORDERED.**

**Dated:** New York, NY
August 7, 2025

_____
**MARY KAY VYSKOCIL**
**United States District Judge**