UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTEM BELOV AND BELART HOLDING
& TRADE GMBH,

                Petitioners,

           -against-

ILUSTRATO PICTURES
INTERNATIONAL, INC. d/b/a ILUS
INTERNATIONAL,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2026

1:24-cv-9372-MKV

**OPINION AND ORDER
CONFIRMING ARBITRATION
AWARD**

MARY KAY VYSKOCIL, United States District Judge:

## BACKGROUND

Petitioners entered into a stock purchase agreement with Respondent Illustrato Pictures International, Inc. ("Respondent") on January 25, 2021. *See* [ECF No. 2] ("Petition") ¶ 7. After Respondent allegedly failed to perform its obligations pursuant to the agreement, Petitioners instituted arbitration proceedings with the American Arbitration Association (the "AAA"). *See* Petition ¶ 14. On September 18, 2024, the Arbitrator issued a final award (the "Award"). *See* Petition ¶¶ 23-26.

Petitioners moved before this Court to confirm the Award. [ECF No. 3]. Petitioners unsuccessfully attempted service of the Petition, [ECF No. 17] at 4, and thereafter filed a Proposed Certificate of Default, [ECF No. 7]. Having received notice from the Clerk of Court that the request for default was deficient, Petitioners filed a second motion to confirm the Award that was substantively identical to the first. [ECF No. 11]. Petitioners again unsuccessfully attempted service, [ECF No. 17] at 4–5, and thereafter sought leave to amend their Notice of Petition to adjourn the return date reflected therein, and to serve Respondent by alternative means, [ECF No. 14].

1

The Court denied the duplicative motions to confirm the Award, granted Petitioners leave to file a renewed motion to confirm the Award upon proper service, and denied leave to serve by alternative means.  [ECF No. 20].  The Court further ordered service of the Petition within two weeks of the Order, *id.* at 8, and service of any renewed motion within ten days of the filing of the motion, *id.* at 9.

Petitioners thereafter served Respondent's registered agent[1] with the Petition, [ECF No. 21], renewed their motion to confirm the Award, [ECF No. 23] (the "Renewed Motion"), and served Respondent's registered agent with the Renewed Motion, [ECF No. 28].  In connection with the Renewed Motion, Petitioners filed a memorandum of law, [ECF No. 25] (the "Memorandum" or "Pets. Mem."), and a declaration of Neil Capobianco, [ECF No. 24] (the "Declaration" or "Decl.") (attaching Exs. A (the "Share Purchase Agreement," or the "Agreement"), B (the "Arbitration Demand"), and C (the Award)).  When Respondent—which has not appeared in this case—failed to respond for 27 days, Petitioners filed a letter asking the Court to grant the Renewed Motion as unopposed.  [ECF No. 29].

## **LEGAL STANDARD**

An unopposed petition to confirm an arbitration award must be "treated as akin to" an unopposed "motion for summary judgment."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *see Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008).  An unopposed motion for summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373

---

[1] This course of action was consistent with the Court's prior observation that "Petitioners [had] not allege[d] any facts demonstrating that they ha[d] attempted to serve Respondent through [the] registered agent" identifiable by a cursory "public record search using SilverFlume, Nevada State's official business portal . . . ."  [ECF No. 20] at 8.

F.3d 241, 244 (2d Cir. 2004) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." (quotation omitted)).

"An extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the use of arbitration by consenting parties." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023) (cleaned up, quotation omitted). Even in the posture of an unopposed motion, the Court's review of an arbitration award is narrow. "[C]onfirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.' " *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

"Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). Indeed, "a district court **must** enforce an arbitral award unless a litigant satisfies one of the seven enumerated defenses under the New York Convention; if one of the defenses is established, the district court **may** choose to refuse recognition of the award."[2] *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 810 (2d Cir. 2022) (cleaned up, quotation

---

[2] Because Petitioners are citizens of the Republic of Austria, Petition ¶¶ 1-2, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention") (as applied through the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208) is applicable here. *See Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983) (holding that the New York Convention applies to arbitration awards "involving parties domiciled or having their principal place of business outside the enforcing jurisdiction"); *Daum Global Holdings Corp. v. Ybrant Digital Ltd.*, 2014 WL 896716, at *2 (S.D.N.Y. Feb. 20, 2014) ("The New York Convention and Federal Arbitration Act apply to this petition to confirm an award from a commercial arbitration that is not entirely between citizens of the United States.").

omitted, emphasis original); *see* New York Convention, Art. V (enumerating defenses to recognition and enforcement).

## **DISCUSSION**

The Court has federal-question jurisdiction in this case under the FAA and the New York Convention. *See Commodities*, 49 F.4th at 809 (2d Cir. 2022); *Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, No. 23-CV-03334 (JLR), 2023 WL 4993662, at *4 (S.D.N.Y. Aug. 4, 2023) (addressing *Badgerow v. Walters, et al.*, 596 U.S. 1 (2022)) ("The face of the Petition shows that the arbitration falls under the New York Convention, and therefore Chapter 2 of the FAA provides subject matter jurisdiction."). The Court also has diversity jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(2).

The Court notes that the Agreement indicates that the Parties "submit to the jurisdiction of the courts of the State of New York for the enforcement of . . . any arbitration award . . . arising from [the] Agreement." Agreement ¶ 14. "But forum selection clauses, however interpreted, have no bearing on a court's subject matter jurisdiction." *Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023). And this particular forum-selection clause "operates simply as mutual consent to personal jurisdiction in those courts; it does not suggest that personal jurisdiction cannot exist elsewhere."[3] *Id.* at 83. Moreover, the Agreement goes on to provide that "[t]he decision of the arbitrator shall be binding upon the parties and judgment in accordance with that decision may be entered in any court having jurisdiction thereof[.]" Agreement ¶ 30.

---

[3] The Court has personal jurisdiction over Respondent because by consenting to arbitration in New York, Agreement ¶ 30, Respondent, which is headquartered in New York, Agreement at 1, also consented to personal jurisdiction in New York. *See Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.").

The Court has carefully reviewed the evidence that Petitioners cite in the Renewed Motion, including the Agreement and the Award. The Court confirms the Arbitration Award because there is ample "justification for the outcome reached" by the arbitrator. *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797).

The arbitrator explained in detail the reasons for his ruling that Respondent breached the Agreement with Petitioners. *See* Award ¶¶ 4.01–4.05. Indeed, the Award was based in part on the fact that Respondent repeatedly declined to "dispute that Respondent failed to perform its obligations under the Share Purchase Agreement[.]" *Id.* ¶ 4.04; *see also id.* ¶ 3.07. Despite the fact that Respondent was "clearly a reluctant participant in [the] arbitration[,]" *id.* ¶ 5.02, the arbitrator thoughtfully considered defenses suggested by Respondent's submissions, *see id.* ¶¶ 4.03–4.05 (According to the Award, Respondent, proceeding without counsel, *id.* ¶ 3.01, exhibited "non-responsiveness to many communications from counsel to Claimants and from the Tribunal," *id.* ¶ 5.02, posed "scheduling challenges[,]" *id.*, and provided "notice only five hours before the Hearing's scheduled start time that [Respondent] would not attend because [Respondent] considered the Hearing to be a waste of time[,]" *id.*).

The arbitrator reasonably applied New York law to the evidence and accordingly ordered Respondent to 1) issue to Petitioner Belov 80,000 Convertible Preference D shares and 360,000 Convertible Preference B shares; 2) reasonably support and assist Petitioner Belov by any legal and possible means reasonably requested by him in order to assist him in converting the same into ILUS common stock, depositing ILUS Securities into his brokerage account, and having the Rule 144 Restrictive Legend removed from ILUS Securities to enable them to be freely tradeable; and 3) pay a total of $667,582.40 in damages, plus interest, and $155,818.66 in costs. *See* Award ¶¶ 6.01–6.10 (cited in Renewed Motion at 3). The arbitrator also ordered post-Award interest at a

rate of nine percent from October 18, 2024, if payment of the sums awarded had not been made by that date. *See* Award ¶ 6.11.

The arbitrator's detailed and reasonable analysis provides more than "is necessary to confirm the award." *D.H. Blair & Co., Inc.*, 462 F.3d at 110. Moreover, "there is nothing in the record to suggest that any of the defenses in the New York Convention would apply in this case." *Exclusive Trim, Inc. v. Kastamonu Romania, S.A.*, 698 F. Supp. 3d 621, 627 (S.D.N.Y. 2023) (noting that "the burden of proof with respect to the affirmative defenses set forth in the New York Convention lies with the respondent" who "has [neither] appeared in this action, nor . . . opposed the Petition[,]" such that the "court need not inquire on its own into whether an exception to enforcement applies." (quotation omitted)). Accordingly, the Court "***must*** enforce" the Award. *Commodities*, 49 F.4th at 810 (2d Cir. 2022) (quotation omitted, emphasis original).

## CONCLUSION

Petitioner's Renewed Motion is granted. The Clerk of Court is respectfully requested to enter Judgment for Petitioners confirming the Award and terminate this case.

**SO ORDERED.**

**Dated: New York, NY**
      **January 21, 2026**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

6